UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUGUSTIN MUNOZ PEREZ,<br><br>                      Plaintiff,<br>v.<br><br>METROPOLITAN TRANSIT SYSTEM,<br>                      Defendant. | Case No.: 19-cv-1429-GPC(WVG)<br><br>**ORDER:**<br><br>**1) GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS;**<br>**[Dkt. No. 2]**<br><br>**(2) SUA SPONTE DISMISSING PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM**<br><br>**(3) DENYING PLAINTIFF'S REQUEST FOR APPOINTMENT OF COUNSEL AS MOOT**<br>**[Dkt. No. 3]** |

     On July 30, 2019, Plaintiff Agustin Munoz Perez, proceeding pro se, filed a form complaint against Defendant Metropolitan Transit System ("MTS"). (Dkt. No. 1.) He also filed a motion to proceed in forma pauperis and motion for appointment of counsel. (Dkt. Nos. 2, 3.) Based on the reasoning below, the Court GRANTS Plaintiff's motion to proceed in forma pauperis, sua sponte DISMISSES the action for failure to state a claim

and DENIES the request for appointment of counsel.

A.  **Motion to Proceed In Forma Pauperis**

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400. See 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to § 1915(a). See Andrews v. Cervantes, 493 F.3d 1047, 1051 (9th Cir. 2007); Rodriguez v. Cook, 169 F.3d 1176, 1177 (9th Cir. 1999). The plaintiff must submit an affidavit demonstrating his inability to pay the filing fee, and the affidavit must include a complete statement of the plaintiff's assets. 28 U.S.C. § 1915(a)(1).

Here, Plaintiff submitted an affidavit stating that he has not received any income during the past twelve months and does not expect to receive income in the next month. (Dkt. No. 2 at 1-2.) He has not been employed for the past two years and has $60.00 in cash. (Id. at 2.) While he asserts receiving no income within the past twelve months, in his request for appointment of counsel, he indicates he received $8,820.00 in social security during the past 12 months, or $735 per month, and $300 for food assistance although it is not clear whether the food amount is a monthly or yearly payment. (Dkt. No. 3 at 5.) In his request for appointment of counsel, it appears he also pays rent in the amount of $208 per month. (Id.) Plaintiff owns no assets or debts and states he has no monthly living expenses. (Dkt. No. 2 at 3-5.) Based on these facts, the Court concludes that Plaintiff has demonstrated an inability to pay the filing fee and GRANTS Plaintiff's motion for leave to proceed IFP.

B.  **Sua Sponte Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)**

A complaint filed by any person proceeding IFP pursuant to § 1915(a) is subject to mandatory sua sponte review and dismissal by the Court if it is "frivolous, or malicious; fails to state a claim upon which relief may be granted; or seeks monetary relief against a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Calhoun v. Stahl, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not

limited to prisoners."); Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000). § 1915(e)(2) mandates that a court reviewing a complaint filed pursuant to the IFP provisions of 28 U.S.C. § 1915 rule on its own motion to dismiss before directing that the complaint be served by the U.S. Marshal pursuant to Federal Rule of Civil Procedure 4(c)(2). Lopez, 203 F.3d at 1127.

Under Federal Rule of Civil Procedure ("Rule") 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While a plaintiff need not give "detailed factual allegations," a plaintiff must plead sufficient facts that, if true, "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 545 (2007). To state a claim upon which relief may be granted "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 547). A claim is facially plausible when the factual allegations permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

Here, Plaintiff struck out the word "Complaint" on the caption of the form Complaint and wrote "Remuvol (sic)" and solely writes, "For personal damage against a security guard, From MTS." (Dkt. No. 1 at 1-2.) Plaintiff attaches a state court complaint filed on January 22, 2010 that Plaintiff, with counsel, filed in San Diego Superior Court against Metropolitan Transit System for assault, battery, intentional infliction of emotional distress, negligence, premises liability and negligent hiring, supervising and retention for an alleged physical assault against him on October 1, 2009 at a trolley station in San Ysidro by MTS's security guards. (Dkt. No. 1-1 at 1-14.) Plaintiff also attaches a state court Judgment granting MTS's motion for summary judgment on March 4, 2011. (Dkt. No. 1-1 at 15.) The Judgment states that Plaintiff shall take nothing and MTS shall recover from Plaintiff costs of suit in the amount of $5,310.45. (Id.)

Plaintiff did not remove the case from state court but filed a complaint in this Court

on July 30, 2019. While the Complaint may incorporate by reference the state court complaint, the Complaint, in this case, alleges no facts or causes of action. Accordingly, the allegations in the Complaint fail to comply with Rule 8 and the Court *sua sponte* DISMISSES the complaint for failure to state a claim for relief.

C.  **Request for Appointment of Counsel**

Plaintiff requests the appointment of counsel to assist him in prosecuting this civil action. (Dkt. No. 3.) The Constitution provides no right to appointment of counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. Lassiter v. Dept. of Social Servs., 452 U.S. 18, 25 (1981). Under 28 U.S.C. § 1915(e)(1), however, district courts are granted discretion to appoint counsel for indigent persons under "exceptional circumstances." Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991). Here, because the Court dismisses Plaintiff's complaint for failure to state a claim upon which relief can be granted, the Court DENIES Plaintiff's request to appoint counsel as moot.

### Conclusion

In sum, the Court GRANTS Plaintiff's motion to proceed in forma pauperis, sua sponte DISMISSES the complaint for failure to state a claim and DENIES Plaintiff's request for appointment of counsel as moot.[1]

**IT IS SO ORDERED.**

Dated: August 7, 2019

Hon. Gonzalo P. Curiel
United States District Judge

---

[1] The Court notes that on September 13, 2018, Plaintiff filed a complaint against MTS in this Court. (Case No. 18cv2127-GPC(WVG).) The Court granted Plaintiff's motion to proceed IFP, sua sponte dismissed the complaint for failure to state a claim and denied Plaintiff's request for appointment of counsel as moot. (Id., Dkt. No. 4.) Plaintiff attaches the Court's order to his Complaint. (Dkt. No. 1-2 at 1-4.)